# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ADAM GHANDOUR,

      Plaintiff,

v.

                                          Case No. 6:24-cv-1932-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I.  Status**

Adam Ghandour ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of degenerative scoliosis, neuropathy, cutaneous paralysis, tachycardia, and high blood pressure.

---

[1]     Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed December 19, 2024, at 63, 70, 77, 82, 219.

On August 25, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of July 23, 2021. Tr. at 200-06 (DIB), 187-96 (SSI).[3] The applications were denied initially, Tr. at 63-67, 68, 93-96 (DIB); Tr. at 69, 70-74, 103-06 (SSI), and upon reconsideration, Tr. at 75, 82-86, 116-18 (DIB); Tr. at 76, 77-81, 124-26 (SSI).[4]

On September 12, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE").[5] Tr. at 25-46. On February 28, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-19.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his representative. Tr. at 4-5 (Appeals Council exhibit list and order), 185-86 (request for review), 297-98 (brief). On August 29, 2024, the Appeals Council denied Plaintiff's request for

---

[3]    The DIB application was completed on August 26, 2021. See Tr. at 200. The SSI application was completed on August 6, 2021 and received by the SSA on September 2, 2021. See Tr. at 187, 196. The protective filing date for both the applications is listed elsewhere in the administrative transcript as August 25, 2021. Tr. at 63, 82 (DIB), 70, 77 (SSI).

[4]    Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5]    The hearing was held via telephone, with Plaintiff's consent. Tr. at 28, 131, 154-55, 157, 183-84, 280.

review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On October 26, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in failing to properly consider 1) his subjective complaints; and 2) the opinion of Andrew Grossman, M.D., a consultative examining physician. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 16; "Pl.'s Mem."), filed February 18, 2025, at 3, 12. On March 19, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in

---

[6]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based on his finding at that step. See Tr. at 13-18. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 23, 2021, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairment: Scoliosis." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

4

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [Plaintiff] could lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour workday, stand and/or walk for 6 hours in an 8-hour day. [Plaintiff] could frequently reach in all directions and frequently handle, finger, feel, and push and pull with his right upper extremity.

Tr. at 15. At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as a Receptionist." Tr. at 18 (citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 23, 2021, through the date of th[e D]ecision." Tr. at 18 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

The issues are addressed in turn.

### A. Subjective Complaints

Plaintiff argues the ALJ erred in evaluating his subjective complaints about how his impairments affect him. Pl.'s Mem. at 5-11. Recognizing "[t]here was very little medical evidence in this case" because of a lack of "health insurance," Plaintiff contends the ALJ's "consideration of [his subjective complaints] was critical." Id. at 5. Responding, Defendant contends "Plaintiff relies almost entirely on his subjective complaints to show that he is disabled." Def.'s Mem. at 11. According to Defendant, "the ALJ properly considered the record as a whole in finding Plaintiff's complaints not entirely consistent with the evidence of record." Id.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); see also Malak v. Comm'r of Soc. Sec., 131 F.4th 1280, 1287 (11th Cir. 2025). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

7

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Malak, 131 F.4th at 1287; Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

8

"[B]efore denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care." Brown v. Comm'r of Soc. Sec., 425 F. App'x 813, 817 (11th Cir. 2011) (citing Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003)). A claimant's inability to afford medical care excuses his or her lack of such care. Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (stating that the court "agree[s] with every circuit that has considered the issue that poverty excuses noncompliance [with prescribed medical treatment]") (citations omitted). "Nevertheless, if the claimant's failure to follow medical treatment is not one of the principal factors in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error." Id. (citing Ellison, 355 F.3d at 1275).

The ALJ summarized Plaintiff's statements and testimony about how he is affected by his impairments and what he does to help the pain, Tr. at 16, and then found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not inconsistent with the medical evidence as a whole," Tr. at 17. The ALJ discussed the medical evidence, finding that it "routinely document[ed] normal motor strength and normal gait." Tr. at 17 (citations omitted). The ALJ also found that Plaintiff "has treated with a chiropractor and with pain medication

9

but has not require[d] any surgical intervention." Tr. at 17 (citations omitted). Finally, the ALJ wrote that Plaintiff "does not use an assistive device to ambulate, nor has any acceptable medical source opined that one is necessary." Tr. at 17 (citation omitted).

The ALJ's findings reflect adequate consideration of Plaintiff's subjective complaints and are supported by substantial evidence. As the ALJ recognized, Plaintiff mainly was treated by a chiropractor and a primary physician during the relevant time period. See Tr. at 302-590. The records consistently document normal or "steady and even" gait and encouragement to exercise. See, e.g., Tr. at 338, 341, 343, 437, 438, 461, 471, 489, 491, 498, 513, 535 ("normal but stiff"), 583, 584. The ALJ also correctly observed that Plaintiff has been treated via medication and chiropractic measures. See generally Tr. at 302-590. Plaintiff contends he cannot afford surgery or to see specialists, see Pl.'s Mem. at 5, but the ALJ did not rely on his election not to proceed with surgery so much as he observed surgery was not indicated by the medical professionals, see Tr. at 17; Dawkins, 848 F.2d at 1213 (citing Ellison, 355 F.3d at 1275).

The ALJ also discussed Plaintiff's daily activities. See Tr. at 16. Plaintiff contends the ALJ "mischaracterizes the extent of [his] daily activities" and "fails to consider [Plaintiff's] allegations of having good days or bad days." Pl.'s Mem. at 10. But, the ALJ specifically took into account that Plaintiff alleges he cannot always do his activities on "bad days." Tr. at 16 (internal quotations omitted).

Moreover, the ALJ did not rely on the participation of daily activities in making the findings about Plaintiff's subjective complaints; instead, he summarized them early as part of Plaintiff's allegations. See Tr. at 16.

Overall, the ALJ's findings are supported by substantial evidence and need not be disturbed.

**B. Medical Opinions**

Plaintiff argues the ALJ erred in evaluating the opinion of Dr. Grossman, a consultative examiner. Pl.'s Mem. at 12. According to Plaintiff, "[t]he ALJ's consistency analysis was inadequate because the ALJ does not explain how Dr. Grossman's opinion [that Plaintiff] is unable to sit for more than one hour is inconsistent with the objective medical evidence." Id. at 13. Responding, Defendant contends the ALJ properly evaluated Dr. Grossman's opinion under the governing standards. Def.'s Mem. at 12-16.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions

11

in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R.

---

[7]    Plaintiff filed his applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

§§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

Here, Dr. Grossman performed an examination and authored a report on November 3, 2023. Tr. at 592-98; see also Tr. at 599-604 (Medical Source Statement of Ability to do Work-Related Activities (Physical)).[9] The ALJ wrote as follows regarding the report:

> The undersigned finds the opinion of the orthopedic consultative examiner Andrew Grossman, M.D. to be partially persuasive. Dr. Grossman's opinion regarding [Plaintiff's] ability to lift, carry, stand, and walk over the course of an eight-hour workday is supported [by] clinical findings showing five out of five strength in all extremities, no difficulty with [Plaintiff] getting on and

---

[8]    When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

[9]    Page 2 of Dr. Grossman's report appears out of order from the rest of the pages. See Tr. at 592-98.

> off the examination table, [Plaintiff] exhibiting a normal gait and station, and no use of any assistive device to balance or ambulate. Further, range of motion tests were all within normal limits except for slight reduced supination of the right shoulder. The undersigned is not persuaded by Dr. Grossman's opinion regarding [Plaintiff's] ability to sit for one hour at a time and one hour total in an eight-hour workday. These limitations are not supported by any clinical findings or objective evidence. Dr. Grossman's opinion regarding [Plaintiff's] limitation in his right upper extremity is supported with a slight reduction in [Plaintiff's] range of motion in the right shoulder. Dr. Grossmans opinion is consistent with the entirety of the medical evidence showing stiff gait on occasion and diagnostic imaging of [Plaintiff's] lumbar and thoracic spine showing severe lumbar levoscolosis with multilevel degenerative changes and significant thoracic dextroscoliosis with expected multilevel degenerative changes.

Tr. at 17 (citations omitted).

The ALJ adequately assessed the required supportability and consistency factors, and his findings are supported by substantial evidence. The ALJ accepted the examination findings and some recommended limitations, while rejecting the suggestion that Plaintiff can only sit for one hour at a time. See Tr. at 17. The ALJ relied on the lack of "clinical findings or objective evidence" to support that suggestion, and aside from the general diagnostic imaging that does not confirm the severity of Plaintiff's pain and its effects, there are no clinical findings and/or objective evidence to support that limitation. The ALJ did not err.

14

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 19, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

15